UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN L. GOINS

    v.

PRISONER CASE NO.
3:07-cv-1542 (AWT)

THERESA LANTZ, ET AL.

## INITIAL REVIEW ORDER

The plaintiff, incarcerated and pro se, has filed a complaint under 42 U.S.C. § 1983 (2000). Pursuant to 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints against governmental actors "as soon as practicable after docketing," and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a pro se complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to raise the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based

and to demonstrate a right to relief. See Bell Atlantic v. Twombley, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).

Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

The plaintiff alleges that in July 2004, he was housed at Greensville Correctional Center in Jerret, Virginia pursuant to the Interstate Compact Agreement between Connecticut and Virginia. On July 19, 2004, as the plaintiff knelt on his bunk to permit correctional officers to remove his leg irons, he fell forward and hit his left eye. The plaintiff asserts that he was unable to break his fall because he was handcuffed behind his back. After the plaintiff was transferred back to Connecticut in August 2004, he learned that other inmates who had been confined at Greensville Correctional Center had suffered similar injuries.

On or about May 13, 2007, the plaintiff contacted the Inmates' Legal Assistance Program in Hartford seeking help in filing a civil rights action against Virginia correctional officials for the injuries he suffered during the above-described incident in July 2004. An attorney from Inmates' Legal Assistance informed the plaintiff that his claims were barred by Virginia's two-year statute of limitations for filing section 1983 actions and that he could not assist the plaintiff with any

2

case arising from conditions of confinement outside of Connecticut.  When the plaintiff contacted Warden McGill, District Administrator Choinski and Counselor Bradway seeking access to a law library, they informed him that there was no law library at Northern Correctional Institution and directed the plaintiff to contact Inmates' Legal Assistance.  The plaintiff claims that he was unable to timely file a lawsuit in Virginia against the Virginia correctional officers who caused his eye injury in July 2004 because the defendants did not permit him to use a law library and failed to provide him with legal assistance.

It is well settled that inmates have a First Amendment right of access to the courts.  See Bounds v. Smith, 430 U.S. 817, 828 (1977) (modified on other grounds by Lewis v. Casey, 518 U.S. 343, 350 (1996)).  To state a claim for denial of access to the courts, the plaintiff must demonstrate that the defendants acted deliberately and maliciously and that he suffered an actual injury.  See Lewis, 518 U.S. at 353.

To establish an actual injury, the plaintiff must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts.  See Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 2002)).  For example, the

plaintiff would have suffered an actual injury if "a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known," or he was unable to file a complaint alleging actionable harm because the legal assistance program was so inadequate. Lewis, 581 U.S. at 351.

The plaintiff alleges that on July 19, 2004 he suffered an eye injury due to a dangerous restraint removal practice employed by Virginia correctional officers. Prison officials transferred the plaintiff back to Connecticut in August 2004, but the plaintiff did not contact the Inmates' Legal Assistance Program until May 2007, almost three years after he suffered the injury to his eye. At that point, the two-year statute of limitations governing section 1983 actions in Virginia had expired. See Harvey v. Horan, 278 F.3d 370, 384 (4th Cir. 2002) (Virginia's two-year statute of limitations for personal injury actions in Virginia applicable to § 1983 claim filed by inmate). Thus, the plaintiff's claim that the defendants' actions precluded him from filing a lawsuit against Virginia prison officers regarding the July 2004 incident in a timely manner is without merit. The plaintiff was aware of his eye injury when it occurred in July 2004; he does not explain why he waited until May 2007 to seek assistance in filing a complaint regarding the incident. The

court concludes that the plaintiff has failed to allege that any of the defendants caused him to suffer an injury due to his inability to file a lawsuit regarding the July 2004 incident because Virginia's two-year statute of limitations had already expired by the time he contacted the defendants seeking legal assistance in May 2007.  See Johnson v. Hill, 965 F. Supp. 1487, 1489 (E.D. Va. 1997) (dismissing claims that appeared on face of complaint to be barred by Virginia's two-year statute of limitations applicable to section 1983 actions); Rivera v. Phillips, et al., Civil Action No. 7:07cv00154, 2007 WL 1029589 (W.D. Va. 2007) (After District of Connecticut transferred claims against Virginia prison officials due to lack of personal jurisdiction over those officials, Western District of Virginia dismissed claims as barred by Virginia's two-year statute of limitations governing section 1983 claims.).  Accordingly, the denial of access to the courts claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff states that he also brings this action pursuant to 42 U.S.C. §§ 1985 and 1986.  The court concludes that any claims pursuant to these sections should be dismissed as frivolous.  Subsection (1) of section 1985 prohibits conspiracies to prevent federal officials from performing their duties.  Subsection (2) of section 1985 generally prohibits conspiracies aimed at deterring witnesses from participating in either a

5

federal or state judicial proceeding.  See Chahal v. Paine Webber Inc., 725 F.2d 20, 23 (2d Cir. 1984).  The plaintiff has alleged no facts to support a claim under either of these two subsections.

Generally, section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws.  In order to state a claim pursuant to this provision, the plaintiff must allege that: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege.  See Thomas v. Roach, 165 F.3d 137, 146-47 (2d Cir. 1999).  The plaintiff must show that the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus.  See id. (citation omitted).  Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights. Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971).

The plaintiff has alleged no facts in support of a conspiracy claim or any facts suggesting that any actions were taken because of his race.  Therefore, any claim brought pursuant

6

to section 1985 is dismissed as lacking an arguable factual basis.  See 28 U.S.C. § 1915(e)(2)(B)(i).

Section 1986 provides no substantive rights; it provides a remedy for the violation of section 1985.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part).  Thus, a prerequisite for an actionable claim under section 1986 is a viable claim under section 1985.  Because the court has dismissed the plaintiff's section 1985 claim, the section 1986 claim is also dismissed.  See 28 U.S.C. § 1915(e)(2)(B)(i).

The plaintiff also includes claims regarding the contract between the Department of Correction and the Inmates' Legal Assistance Program.  The court declines to exercise supplemental jurisdiction over any state law contract claims.  See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts)

### Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1) All federal claims against the defendants are hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The court

declines to exercise supplemental jurisdiction over any state law claims against the defendants.

(2) The Motion to Dismiss [**doc. # 18**] filed by Sydney Schulman, the Motion for Class Certification [**doc. # 9**], the Motion for Appointment of Counsel [**doc. # 10**], the Motion for Service [**doc. # 11**] and the Motion for Preliminary Injunction [**doc. # 12**] are hereby **DENIED** as moot.

(3) **The Pro Se Prisoner Litigation Office shall** send a copy of this Order to the plaintiff and shall also send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4) The Clerk shall enter judgment for the defendants and close this case.

**SO ORDERED** at Hartford, Connecticut this 24th day of September 2008.

/s/AWT  
Alvin W. Thompson  
United States District Judge